BUCHALTER
A Professional Corporation
AARON M. LEVINE (SBN: 299260)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: alevine@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN: 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mseror@buchalter.com

Attorneys for Defendant,
MACROVERSE MEDIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FORTIER<br>d/b/a PORTMANTEAU PUBLISHING,<br><br>    Plaintiff,<br><br>    v.<br><br>MACROVERSE MEDIA, INC.,<br><br>    Defendant, | Case No. 2:25-cv-07573-CV-SK<br><br>**MACROVERSE MEDIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Served: August 19, 2025 |

# ANSWER TO COMPLAINT

Defendant Macroverse Media, Inc. ("Macroverse") answers the Complaint filed by Adam Fortier d/b/a Portmanteau Publishing ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. Macroverse denies the allegations contained in Paragraph 1 of the Complaint.

2. Macroverse denies the allegations contained in Paragraph 2 of the Complaint.

3. Macroverse admits that the parties did not execute a long-form written agreement after signing the MOU. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Macroverse denies the allegations contained in Paragraph 4 of the Complaint.

5. Macroverse denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief for the claims identified in Paragraph 6.

## THE PARTIES

7. Macroverse admits the allegations contained in Paragraph 7 of the Complaint.

8. Macroverse admits the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Macroverse admits the allegations contained in Paragraph 9 of the Complaint.

10. Macroverse admits the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, to the extent a response is required, Macroverse denies the allegations contained in Paragraph 11 of the Complaint.

12. Macroverse admits the allegations contained in Paragraph 12 of the Complaint.

13. Macroverse admits the allegations contained in Paragraph 13 of the Complaint.

## BACKGROUND

14. Macroverse admits that Plaintiff has experience in the comic book industry. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and on that basis denies them.

16. Macroverse admits that Macroverse and Plaintiff execute an MOU in July 2024. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Macroverse denies the allegations contained in Paragraph 17 of the Complaint.

18. Macroverse denies the allegations contained in Paragraph 18 of the Complaint.

19. Macroverse denies the allegations contained in Paragraph 19 of the Complaint.

20. Macroverse denies the allegations contained in Paragraph 20 of the Complaint.

21. Macroverse admits that Fortier acquired a collection of comic books for Authentic Editions using funds provided by Macroverse (and that this collection remains in Fortier's possession and/or the possession of others at his direction).

Otherwise, Macroverse denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Complaint, and on that basis denies them.

23. Macroverse admits that it instructed Fortier to deliver certain comic books to Harley Yee for resale. Otherwise, Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 23 of the Complaint, and on that basis denies them.

24. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 24 of the Complaint, and on that basis denies them.

25. Macroverse denies the allegations contained in Paragraph 25 of the Complaint.

26. Macroverse denies the allegations contained in Paragraph 26 of the Complaint.

27. Macroverse denies the allegations contained in Paragraph 27 of the Complaint.

28. Macroverse admits that its attorney sent demand letters to Fortier. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 28 of the Complaint.

## FIRST CLAIM FOR RELIEF
### Breach of Confidentiality

29. Macroverse incorporates by reference its responses to Paragraphs 1 through 28 as its response to Paragraph 29 of the Complaint.

30. Macroverse admits the allegations contained in Paragraph 30 of the Complaint.

31. Macroverse denies the allegations contained in Paragraph 31 of the

Complaint.

32. Macroverse denies the allegations contained in Paragraph 32 of the Complaint.

33. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 33 of the Complaint, and on that basis denies them.

34. Macroverse denies the allegations contained in Paragraph 34 of the Complaint.

35. Macroverse denies the allegations contained in Paragraph 35 of the Complaint.

36. Macroverse denies the allegations contained in Paragraph 36 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Unenforceability of the MOU

37. Macroverse incorporates by reference its responses to Paragraphs 1 through 36 as its response to Paragraph 37 of the Complaint.

38. Macroverse denies the allegations contained in Paragraph 38 of the Complaint.

39. Macroverse denies the allegations contained in Paragraph 39 of the Complaint.

40. Macroverse denies the allegations contained in Paragraph 40 of the Complaint.

41. Macroverse admits that the parties did not execute a long-form written agreement after signing the MOU. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Macroverse admits that it has asserted the binding nature of the MOU and has sent legal demand letters based on the binding nature of the MOU. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 42

of the Complaint.

43. Macroverse admits the allegations contained in Paragraph 43 of the Complaint.

44. Macroverse denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 contains a legal conclusion that Macroverse is not required to admit or deny.

46. Paragraph 46 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief for the claims identified in Paragraph 46.

## THIRD CLAIM FOR RELIEF

### Intentional Interference with Economic Relations

47. Macroverse incorporates by reference its responses to Paragraphs 1 through 46 as its response to Paragraph 47 of the Complaint.

48. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Complaint, and on that basis denies them.

49. Macroverse admits that it had knowledge of Fortier's industry relationships because the parties collaborated to secure and maintain such relationships for Macroverse and Authentic Editions. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. Macroverse denies the allegations contained in Paragraph 50 of the Complaint.

51. Macroverse denies the allegations contained in Paragraph 51 of the Complaint.

52. Macroverse denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 contains a legal conclusion that Macroverse is not required

to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 53.

## FOURTH CLAIM FOR RELIEF

### Negligent Interference with Economic Relations

54. Macroverse incorporates by reference its responses to Paragraphs 1 through 53 as its response to Paragraph 54 of the Complaint.

55. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 55 of the Complaint, and on that basis denies them.

56. Macroverse admits that it had knowledge of Fortier's industry relationships because the parties collaborated to secure and maintain such relationships for Macroverse and Authentic Editions. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. Macroverse denies the allegations contained in Paragraph 57 of the Complaint.

58. Macroverse denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 59.

## FIFTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

60. Macroverse incorporates by reference its responses to Paragraphs 1 through 59 as its response to Paragraph 60 of the Complaint.

61. Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 61 of the Complaint, and on that basis denies them.

62. Macroverse admits that it and Fortier collaborated to secure, perform

under, and maintain certain contracts for Macroverse and Authentic Editions. Otherwise, Macroverse denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. Macroverse denies the allegations contained in Paragraph 63 of the Complaint.

64. Macroverse denies the allegations contained in Paragraph 64 of the Complaint.

65. Macroverse denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 66.

## SIXTH CLAIM FOR RELIEF

### Federal Trademark Infringement

### Under Section 32 of the Lanham Act (15 U.S.C. § 1114)

67. Macroverse incorporates by reference its responses to Paragraphs 1 through 66 as its response to Paragraph 67 of the Complaint.

68. Macroverse denies the allegations contained in Paragraph 68 of the Complaint.

69. Macroverse denies the allegations contained in Paragraph 69 of the Complaint.

70. Macroverse denies the allegations contained in Paragraph 70 of the Complaint.

71. Macroverse admits that Fortier acquired a collection of comic books for Authentic Editions using funds provided by Macroverse (and that this collection remains in Fortier's possession and/or the possession of others at his direction). Otherwise, Macroverse lacks sufficient information to either admit or deny the allegations contained in Paragraph 71 of the Complaint, and on that basis denies

them.

72. Macroverse denies the allegations contained in Paragraph 72 of the Complaint.

73. Macroverse denies the allegations contained in Paragraph 73 of the Complaint.

74. Macroverse denies the allegations contained in Paragraph 74 of the Complaint.

75. Macroverse denies the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 76.

## SEVENTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

### Under California Common Law

77. Macroverse incorporates by reference its responses to Paragraphs 1 through 76 as its response to Paragraph 77 of the Complaint.

78. Macroverse denies the allegations contained in Paragraph 78 of the Complaint.

79. Macroverse denies the allegations contained in Paragraph 79 of the Complaint.

80. Macroverse denies the allegations contained in Paragraph 80 of the Complaint.

81. Macroverse denies the allegations contained in Paragraph 81 of the Complaint.

82. Paragraph 82 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 82.

Case 2:25-cv-07573-CV-SK   Document 13   Filed 09/23/25   Page 10 of 15   Page ID #:78

## EIGHTH CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin

### Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125)

83. Macroverse incorporates by reference its responses to Paragraphs 1 through 82 as its response to Paragraph 83 of the Complaint.

84. Macroverse denies the allegations contained in Paragraph 84 of the Complaint.

85. Macroverse denies the allegations contained in Paragraph 85 of the Complaint.

86. Macroverse denies the allegations contained in Paragraph 86 of the Complaint.

87. Macroverse denies the allegations contained in Paragraph 87 of the Complaint.

88. Macroverse denies the allegations contained in Paragraph 88 of the Complaint.

89. Macroverse denies the allegations contained in Paragraph 89 of the Complaint.

90. Macroverse denies the allegations contained in Paragraph 90 of the Complaint.

## NINTH CLAIM FOR RELIEF

### Unfair Competition

### Under California Business & Professions Code §§ 17200 & 17500

91. Macroverse incorporates by reference its responses to Paragraphs 1 through 90 as its response to Paragraph 91 of the Complaint.

92. Macroverse denies the allegations contained in Paragraph 92 of the Complaint.

93. Macroverse denies the allegations contained in Paragraph 93 of the Complaint.

94. Macroverse denies the allegations contained in Paragraph 94 of the Complaint.

95. Paragraph 95 contains a legal conclusion that Macroverse is not required to admit or deny. Nevertheless, Macroverse denies that Plaintiff is entitled to any form of relief set forth in Paragraph 95.

## PRAYER FOR RELIEF

96. Macroverse denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Prior Breach / Failure of Performance)

As its First and Separate Affirmative Defense, Macroverse alleges that that Plaintiff has materially breached and/or failed to perform the promises and/or conditions, express and/or implied, of any agreements existing between the parties, thereby preventing and/or relieving Macroverse from any further performance thereof.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

As its Second and Separate Affirmative Defense, Macroverse alleges that Plaintiff is estopped from asserting or prevailing on its claims against Macroverse insofar as Plaintiff performed under and accepted the benefits of existing agreements between the parties, including agreements that gave Macroverse all rights associated with Authentic Editions.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As its Third and Separate Affirmative Defense, Macroverse alleges that Plaintiff is barred from asserting or prevailing on its claims insofar as it previously waived all ownership rights associated with Authentic Editions and other business

opportunities created during the parties' relationship.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Capacity / Standing)

As its Fourth and Separate Affirmative Defense, Macroverse alleges that Plaintiff lacks standing to bring the claims alleged in its Complaint, or lacks the capacity to bring these claims, based on Plaintiff's prior assignment of all ownership rights associated with Authentic Editions and other business opportunities created during the parties' relationship.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As its Fifth and Separate Affirmative Defense, Macroverse alleges that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As its Sixth and Separate Affirmative Defense, Macroverse alleges that Plaintiff has sustained no loss or damages as a result of Macroverse's alleged conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement and Good Faith)

As its Seventh and Separate Affirmative Defense, Macroverse alleges that, to the extent Plaintiff's work was infringed, which Macroverse denies, Macroverse acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded should be correspondingly reduced.

## EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improper)

As its Eighth and Separate Affirmative Defense, Macroverse alleges that

Plaintiff fails to state facts sufficient to permit recovery of punitive or exemplary damages against Macroverse.

### NINTH AFFIRMATIVE DEFENSE

#### (Offset)

As its Ninth and Separate Affirmative Defense, Macroverse alleges that it is entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder.

### TENTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees Improper)

As its Tenth and Separate Affirmative Defense, Macroverse alleges that Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees against Macroverse.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Mitigation of Damages)

As its Eleventh and Separate Affirmative Defense, Macroverse alleges that Plaintiff has failed to mitigate the damages, if any, that Plaintiff seeks through the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Justification)

As its Twelfth and Separate Affirmative Defense, Macroverse acted in good faith, with absence of malicious intent to injure Plaintiff, and with conduct which was lawful, proper, and justified.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Privilege)

As its Thirteenth and Separate Affirmative Defense, Defendant's conduct, as alleged in the Complaint, was privileged and therefore cannot be the basis for any liability.

/

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

As its Fourteenth and Separate Affirmative Defense, Macroverse has not and does not infringe any of Plaintiff's trademarks.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

As its Fifteenth and Separate Affirmative Defense, Plaintiff ratified the conduct of which it complains.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Use in Commerce)

As a Sixteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff has not made sufficient use of its alleged AUTHENTIC EDITIONS trademark in interstate commerce so as to have established prior rights in the mark.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improper)

As its Seventeenth and Separate Affirmative Defense, Macroverse alleges that Plaintiff fails to state facts sufficient to permit recovery of punitive or exemplary damages against Macroverse.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

As its Eighteenth and Separate Affirmative Defense, Macroverse alleges that the acts and communications that Plaintiff alleges constitute wrongful acts are privileged, thereby defeating Plaintiff's claims for relief.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

As its Nineteenth and Separate Affirmative Defense, Macroverse alleges that Plaintiff's claims are barred by the doctrine of laches.

/

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Macroverse reserves the right to assert additional affirmative defenses in the event further discovery, investigation, or analysis indicate they are proper.

WHEREFORE, Macroverse prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Macroverse;

3. That Macroverse be awarded its costs and attorneys' fees incurred in defending this action; and

4. That Macroverse be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Macroverse hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

DATED: September 23, 2025

BUCHALTER
A Professional Corporation

By: /s/ Aaron M. Levine
AARON M. LEVINE
MATTHEW L. SEROR
Attorneys for Defendant and Counterclaimant
MACROVERSE MEDIA INC.