UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07573-CV-SK | Date | December 11, 2025 |
| Title | *Adam Fortier, d/b/a Portmanteu Publishing v. Macroverse Media, Inc.* | | |

Present: The Honorable  Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:** (IN CHAMBERS) ORDER DENYING APPLICATIONS TO FILE DOCUMENTS UNDER SEAL [14, 29, 43] AND VACATING DECEMBER 12, 2025 HEARING ON MOTION TO DISMISS COUNTERCLAIMS [32]

On September 23, 2025, Defendant and Counter Claimant Macroverse Media, Inc. ("Macroverse") filed an application seeking an order to permit the filing of Macroverse's Counterclaims and an Exhibit 1 to the Counterclaims under seal. Doc. ## 14, 15. Macroverse's counterclaims quotes from and attaches a copy of a July 2024 written agreement ("MOU") between Macroverse and Plaintiff and Counter Defendant Adam Fortier, d/b/a Portmanteau Publishing ("Fortier"). *See* Doc. ## 15, 15-1, 15-2. Macroverse claims that sealing is warranted for the MOU and the portions of the Counterclaims that reference portions of the MOU. *Id.* at 2. The request is unopposed. *See* Doc. # 22.

Subsequently, Counter Defendants Fortier, Ross Richie, Archival Comics LLC ("Counter Defendants") and Macroverse (with Counter Defendants, the "Parties") applied to seal portions of their respective briefs filed in connection with Counter Defendants' pending Motion to Dismiss Counterclaims 4–5, 7–8, and 10–14 (Doc. ## 30-1, 32, "Motion to Dismiss"). *See* Doc. ## 29, 30, 43, 44. The Parties

seek permission to file these documents under seal because they discuss the MOU. *Id.*

There is a "strong presumption in favor of access" to judicial records unless the material falls within a category "traditionally kept secret," like grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome that presumption, a party seeking to file materials under seal must articulate a "compelling reason" supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). This is a "stringent standard." *Id*. at 1096. When a party is attempting to seal records attached to a non-dispositive filing, the lower "good cause" standard under Rule 26(c) applies, which requires a showing that confidentiality interests outweigh the public's access rights. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The Court has reviewed the Parties' Applications to Seal, the supporting declarations, and the documents the Parties seek to be filed under seal—including the MOU. The Court finds that the Parties have not provided a compelling reason—and no good cause—to seal the MOU or the portions of pleadings and briefs that discuss it.[1]

Accordingly, the Parties' Applications to Seal (Doc. ## 14, 29, 43) are **DENIED**.

//
//
//

---

[1] *Perimeter Sols., L.P. v. Fortress N. Am., L.L.C.*, No. 2:24-CV-01276-DAD-CSK, 2024 WL 3967472, at *3 (E.D. Cal. Aug. 28, 2024) ("The mere existence of a confidentiality clause in an agreement is insufficient to satisfy plaintiff's burden to articulate compelling reasons that justify sealing with respect to either the specific payment terms or exhibit B in its entirety."); *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-CV-07148-AMO, 2023 WL 6237986, at *3 (N.D. Cal. Sept. 22, 2023) ("The fact that the contracts are confidential does not automatically mean that they must be sealed in court."); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-03529 JSW NC, 2013 WL 636028, at *1 (N.D. Cal. Feb. 20, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, 'let alone a compelling reason,' to seal.") (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

      The Parties are **ORDERED** to meet and confer, and work cooperatively to promptly re-file unredacted versions[2] of the underlying documents in the appropriate chronological sequence no later than **seven (7) days from the issuance of this Order**. A failure to comply may result in the dismissal of the action, the entry of default, and/or the imposition of sanctions for failure to prosecute and/or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

      The Court sua sponte **VACATES** the December 12, 2025 hearing on the Motion to Dismiss. No appearances are necessary on this date. The Court will set a new hearing date, as needed, after the Parties have complied with this Order.

**IT IS SO ORDERED.**

---

[2] The parties remain responsible for ensuring compliance with the redaction requirements of Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1. *See* C.D. Cal. L. Civ. R. 5-4.3.2.