1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    JESSE A. SALEN, Cal Bar No. 292043
3   jsalen@sheppardmullin.com
    XIMENA SOLANO SUAREZ, Cal Bar No. 263574
4   xsolanosuarez@sheppardmullin.com
    MICHAEL HEINS, Cal Bar No. 331563
5   mheins@sheppardmullin.com
    12275 El Camino Real, Suite 100
6   San Diego, California 92130-4092
    Telephone:   858.720.8900
7   Facsimile:   858.509.3691

8   Attorneys for Plaintiff/Counter-Defendant ADAM
    FORTIER d/b/a PORTMANTEAU PUBLISHING;
9   Counter-Defendants ROSS RICHIE, HARLEY
    YEE and ARCHIVAL COMICS LLC

10

11  *[Additional Counsel on Signature Page]*

12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| 16  ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING, | Case No. 2:25-cv-07573-CV-SK |
|---|---|
| 17                         Plaintiff, | **JOINT RULE 26(f) REPORT** |
| 18              v. | |
| 19  MACROVERSE MEDIA, INC., | Judge:   Hon. Cynthia Valenzuela |
| 20                         Defendant. | Conference Date:   January 23, 2026 |
| 21 | Conference Time:   1:30 p.m. |
| 22  AND RELATED COUNTERCLAIM. | Courtroom:   10B |

23

24

25

26

27

28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Scheduling Conference (Dkt. 13), Plaintiff/Counter-Defendant Adam Fortier d/b/a Portmanteau Publishing, Counter-Defendants Ross Richie, Harley Yee[1], Archival Comics LLC, and Daniel Saeva (collectively, with Plaintiff, "Counter-Defendants"), and Defendant/Counter-Claimant Macroverse Media, Inc. ("Macroverse") (collectively, the "Parties") hereby submit this Joint Rule 26(f) Statement for the Court's consideration:

## I.    STATEMENT OF THE CASE

**Plaintiff's/Counter-Defendants' Position**: Plaintiff Adam Fortier filed this action against Macroverse alleging, among other things, breach of a confidentiality agreement and seeking declaratory relief concerning the enforceability of a memorandum of understanding.  Fortier is the sole creator and owner of Authentic Editions, a product line and platform for the restoration and high-quality reproduction of collectible comic books. He developed Authentic Editions—including its specialized workflows, exclusive vendor relationships, and common law trademark rights—years before engaging in limited discussions with Macroverse.   Those discussions resulted only in a short, non-binding Memorandum of Understanding ("MOU") expressly contingent on the negotiation and execution of a future long-form agreement. Vital terms and conditions necessary to make the MOU a binding contract are clearly missing, such as descriptions of purportedly transferred intellectual property, termination clauses, scopes of services, consideration, and exclusivity are missing from the MOU. A long form agreement was never executed, no transfer of intellectual property occurred, and Macroverse never provided any consideration,

---

[1] Mr. Yee joins this Joint Rule 26(f) Report for administrative purposes only, and takes no position on the merits of the case. In Joining this Report, Mr. Yee does not waive, and expressly reserves his right to challenge the Court's personal jurisdiction over him, and intends to move to dismiss the complaint against him for lack of personal jurisdiction.

equity, or contractual rights for Authentic Editions. Fortier alleges that Macroverse's conduct caused Fortier to suffer damages including loss of business opportunities, loss of competitive advantage, loss of goodwill, and diminished value of Fortier's confidential and proprietary information and vendor relationships. Fortier denies Macroverse's counterclaims, as set forth below, and believes Macroverse improperly alleges fraud and tort in place of business disappointment.  Harley Yee maintains that Macroverse's counterclaims should be dismissed against him for lack of personal jurisdiction. (*See* Dkt. 46.)

**Defendant's/Counter-Claimant's Position**:

As alleged in Macroverse's Counterclaim, in 2023 Adam Fortier approached Macroverse with a business opportunity called "Authentic Editions" which he presented as replicas of class comic books created to be virtually indistinguishable from the original versions.  Even though he had never commercialized this product, Fortier represented that he had the expertise, technology, equipment, and business relationships necessary to launch the project.  The only missing component was financing, and, Fortier agreed to assign all rights and intellectual property for Authentic Editions to Macroverse if they funded it.  Based on that agreement, and as more fully detailed in a written memorandum of understanding, Macroverse and Fortier worked to launch Authentic Editions.

As promised, Macroverse invested heavily in Authentic Editions.  It paid no less than $1,800,000 (at Fortier's request) for production costs, obtaining a pool of classic comic books for source material, hiring individuals to assist Fortier, and paying Fortier's expenses.  Its investment initially proved successful.  Fortier, acting as Macroverse's Head of Publishing, helped develop fundraising opportunities and obtain licensing agreements.   He also, with the assistance of counter-defendants Richie and Saeva (both retained at Fortier's request), spearheaded licensing negotiations for Authentic Editions projects with industry titans Marvel and DC Comics.

Unfortunately, things were not as they seemed. Macroverse eventually learned that Fortier had grossly misrepresented his capabilities and commitment to the project. For example, Fortier missed production deadlines and failed to deliver high-end production equipment despite receiving significant funds to do so. Further, the production team he claimed to have (and for which Macroverse paid) consisted of only a single individual with no relevant experience. Worst of all, Fortier, with Richie and Saeva's participation, stole the licensing opportunities that he was hired to develop for Macroverse. Specifically, Fortier, Richie and Saeva falsely told Macroverse that these discussions were stalled, all the while they were secretly negotiating with Marvel and DC (using undisclosed email addresses instead of @Macroverse.com email addresses) to develop Authentic Editions licensing opportunities for a secretly-formed limited liability company that they controlled. When confronted with this deception, Fortier admitted that he had no intention of sharing the opportunity with Macroverse and claimed all rights associated with Authentic Editions, notwithstanding the fact that Macroverse funded and developed the project. Fortier then rushed to bless his bad behavior by filing suit against Macroverse.

Macroverse's counterclaim followed. As set forth therein, Macroverse alleges claims against Fortier and counter-defendants Richie, Saeva, Yee, and Archival for damages associated with their efforts to steal this business opportunity from Macroverse. Counter-Defendants deny Macroverse's allegations.

Counter-defendants Fortier, Ross, and Archival have filed a motion to dismiss, which Macroverse has opposed.

**Counter-Defendant Daniel Saeva's Position:**

Daniel Saeva should not be a party because he was only an independent contractor for Macroverse for a limited time, and not involved in most of the actions alleged in Macroverse's counterclaims. Many of the allegations against Saeva are too conclusory to be entitled to be deemed true for purposes of a motion to dismiss. Other

allegations show that Macroverse cannot properly state its counterclaims against Saeva. For example, under California law, independent contractors do not owe fiduciary duties. Saeva intends to file a Rule 12(b)(6) motion to dismiss the claims against him. Saeva and Macroverse stipulated, with the Court's approval, that Saeva's time to file his motion will run from the date the Court decides Fortier's motion to dismiss, which has not yet been argued. The Court's decision on Fortier's motion may address many of the arguments in Saeva's motion relating to the same causes of action.

The Parties anticipate discovery will address the Parties' agreements and communications, any alleged confidentiality obligations, the development and use of any asserted intellectual property or trademarks, alleged relationships with third parties, and the nature and amount of any alleged damages.

## II.    <u>SUBJECT MATTER JURISDICTION</u>

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because the pleadings assert federal claims under the Lanham Act and related state-law claims over which the Court may exercise supplemental jurisdiction. The Parties reserve all positions regarding jurisdiction and venue.

## III.    <u>LEGAL ISSUES</u>

The principal legal issues include:

1.    Whether Fortier's and Macroverse's Memorandum of Understanding is a binding, enforceable contract, and if so, what rights and obligations were owed by the parties under it;

2.    Whether Macroverse breached confidentiality obligations to Fortier;

3.    Whether Macroverse intentionally or negligently interfered with Fortier's economic or contractual relations;

4.    Whether Macroverse is liable for trademark infringement under federal law or California common law;

/ / /

5.      Whether Macroverse is liable for unfair competition and false designation of origin under federal law or the California Business & Professions Code;

6.      Whether Fortier breached the parties' Memorandum of Understanding;

7.      Whether Fortier breached an implied-in-fact contract with Macroverse regarding the ownership and exploitation of Authentic Editions;

8.      Whether Fortier, Richie, and Saeva owed Macroverse any fiduciary duties and if so, whether they breached those fiduciary duties with respect to the exploitation and ownership of Authentic Editions;

9.      Whether Richie, Saeva, Yee and Archival are liable for aiding and abetting Fortier's breach of fiduciary duties that he owed to Macroverse with respect to the exploitation and ownership of Authentic Editions;

10.     Whether Fortier, Yee, and Archival are liable for conversion of products (comic books) and funds that belong to Macroverse;

11.     Whether Fortier, Richie, Saeva, and Archival intentionally or negligently interfered with Macroverse's economic relations;

12.     Whether Fortier and Yee have been unjustly enriched by receiving money and benefits from Macroverse that were related to Macroverse's ownership and exploitation of Authentic Editions;

13.     Whether Fortier, Richie, Saeva, and Archival are liable for trademark infringement under federal law or California common law;

14.     Whether Fortier is liable for negligent or intentional misrepresentation;

15.     Whether Fortier, Richie, and Saeva are liable for concealment; and

16.     Whether Fortier, Richie, Saeva, Yee, and Archival are liable for unfair competition;

/ / /

/ / /

/ / /

Case No. 2:25-cv-07573-CV-SK
JOINT RULE 26(f) REPORT

# IV.    PARTIES AND EVIDENCE

## 1.    The Parties

The Parties include Fortier, Macroverse, and Ross Richie, Harley Yee, Daniel Saeva, and Archival Comics LLC.

Fortier is an individual doing business as Portmanteau Publishing.

Macroverse is a corporation.

Ross Richie, Harley Yee, and Daniel Saeva are individuals.

Archival is a limited liability company.

## 2.    Percipient Witnesses

Plaintiff and Counter-Defendants anticipate that the Parties may seek testimony from the following percipient witnesses:

- Adam Fortier;
- Ross Richie;
- Harley Yee;
- Daniel Saeva; and
- Representatives of Macroverse with knowledge of the MOU, the Authentic Editions project, and Macroverse's alleged damages.

Macroverse anticipates that the Parties may seek testimony from the following percipient witnesses:

- Adam Fortier;
- Ross Richie;
- Harley Yee;
- Daniel Saeva;
- Eben Matthews;
- Adam Martin;
- Bennett Phillips;
- Kim Stahl;
- Sharon Hudson;

- Jay Firestone;
- Jody Colero;
- Erik W Hendrix;
- Chip Mosher; and
- Any percipient witness identified by any other party.

In addition to the individuals identified above, the Parties anticipate that third-party percipient witnesses may include Marvel Comics and DC Comics.

### 3.    Key Documents

Plaintiff and Counter-Defendants anticipate that key documents will likely include:

- The parties' agreements and related communications, including the confidentiality agreement/MOU and any drafts.
- Communications concerning what information was exchanged, on what terms, and any alleged disclosures.
- Documents relating to the development of the Authentic Editions project, including vendor communications, specifications, deliverables, and project planning materials.
- Financial records and documentation relating to any claimed damages, including any communications reflecting business opportunities, vendor relationships, and alleged loss of goodwill.

**Macroverse anticipates that key documents will likely include**:

- The parties' agreements and related communications;
- Communications concerning Authentic Editions and the ownership and use of Authentic Editions;
- Documents evidencing Adam Fortier's use of Authentic Editions prior to his introduction to Macroverse;
- Documents and communications related to business opportunities sought and/or obtained in connection with Authentic Editions, including documents

and communications related to Kickstarter campaigns, third-party licensing agreements, and communications with various publishers;

- Documents evidencing the receipt of funds by Counter-Defendants for the Authentic Editions project;

- Documents evidencing Counter-Defendant Yee's purchase and sale of comic books associated with the Authentic Editions project;

- Documents and communications related to the formation of Archival and its efforts to obtain business opportunities for Authentic Editions;

- Financial records and documentation relating to any claimed damages, including any communications reflecting business opportunities, vendor relationships, and alleged loss of goodwill.

## V.    **DAMAGES**

        a.      Plaintiff/Counter-Defendant:

Fortier alleges that, as a result of Macroverse's alleged breach of the Confidentiality Agreement, Plaintiff has suffered damages including loss of business opportunities, loss of competitive advantage, loss of goodwill, and diminished value of Plaintiff's confidential and proprietary information and vendor relationships, in an amount to be proven at trial, and alleges that such economic damages exceed $75,000. Plaintiff estimates damages are between $75,000 and $2 million.

        b.      Defendant/Counter-Claimant:

Macroverse alleges that, as a result of Counter-Defendants' misconduct, Macroverse has suffered damages including loss of business opportunities, loss of competitive advantage, loss of goodwill, and diminished value of Macroverse's confidential and proprietary information, and damages associated with property and funds expended towards the development of the Authentic Editions project. Macroverse seeks damages in an amount to be proven at trial, and alleges that such economic damages exceed $75,000 and are estimated to be at least $2 million.

/ / /

## VI.   <u>INSURANCE</u>

The Parties are not presently aware of any insurance coverage that may be available to satisfy any portion of a judgment, if any. The Parties will supplement as appropriate.

## VII.   <u>MOTIONS</u>

Counter-Defendants have filed a motion to dismiss Macroverse's counterclaims (Dkt. 52-1). Yee and Saeva intends to file a motion to dismiss after Fortier and other Counter-Defendants' motion has been decided. The Parties anticipate potential discovery motions if issues cannot be resolved through meet and confer. The Parties will attempt to resolve disputes informally before seeking Court intervention.

## VIII.   <u>DISPOSITIVE MOTIONS</u>

The Parties anticipate filing dispositive motions after completion of fact discovery and expert discovery. Plaintiffs believe, for example, that the record will show that the MOU is not a binding contract as a matter of law and/or that there will be no disputes of material fact evidencing that the MOU is a non-binding contract. The Parties will propose deadlines for dispositive motions in the Schedule Worksheet.

## IX.   <u>MANUAL FOR COMPLEX LITIGATION</u>

The Parties do not believe this case requires management under the Manual for Complex Litigation.

## X.   <u>STATUS OF DISCOVERY</u>

The Parties held their Rule 26(f) conference on January 2, 2026. Initial disclosures under Rule 26(a)(1) will be exchanged by January 16, 2026, unless the Court orders otherwise. Written discovery has commenced, as Macroverse has already served requests for production. Plaintiffs expect to serve written discovery shortly. The Parties will continue to meet and confer regarding discovery sequencing and proportionality.

/ / /

## XI.   DISCOVER PLAN

1.   **Initial disclosures.** The Parties will exchange Rule 26(a)(1) initial disclosures by January 16, 2026.

2.   **Interrogatories.** The Parties propose limits on interrogatories as follows: 20 interrogatories per party.

3.   **ESI.** The Parties will proceed under Rule 34 and Rule 26(b)(1) proportionality. The Parties will meet and confer regarding custodians, date ranges, search terms, and reasonable limits on email discovery. The Parties agree to use reasonably accessible sources and reserve rights under Rule 26(b)(2).

4.   **Privilege logs.** The Parties propose that no privilege log will be required for documents created after the filing of the complaint in this action, and that privilege logs will otherwise be exchanged on a rolling basis consistent with a negotiated ESI protocol.

5.   **Protective order.** The Parties will review and, if possible, stipulate to the Magistrate Judge's model stipulated protective order, with any case-specific modifications as necessary.

6.   **Service.** The Parties agree to accept service by email for papers in this case.

## XII.   DISCOVERY CUT-OFF

The Parties propose a fact discovery cut-off date as indicated in the attached Schedule Worksheet.

## XIII.   EXPERT DISCOVERY

The Parties propose expert disclosure and expert discovery dates in the attached Schedule Worksheet, including dates for initial expert reports, rebuttal reports, expert depositions, and expert discovery cut-off.

/ / /

/ / /

/ / /

## XIV.  <u>SETTLEMENT / ADR</u>

The Parties have not yet engaged in settlement negotiations.  The Parties will discuss ADR options, including mediation, after initial discovery and after the Court rules on any pending motion(s), as appropriate.

## XV.  <u>TRIAL ESTIMATE</u>

The Parties estimate trial will require less than four court days, subject to revision as discovery progresses.

## XVI.  <u>TRIAL COUNSEL</u>

At this time, Plaintiff/Counter-Defendants expect counsel of record, including Jesse Salen, Michael Heins, and Ximena Solano Suarez will try the case. Saeva expects counsel of record, Tawny Mazarei, to try this case if it is not resolved by motion.

At this time, Macroverse expects counsel of record, including Aaron Levine and Matthew Seror, will try this case.

## XVII.  <u>INDEPENDENT EXPERT OR MASTER</u>

The Parties do not presently anticipate the need for an independent expert or special master.

## XVIII.  <u>SCHEDULE WORKSHEET</u>

See Attached.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **XIX.  <u>OTHER ISSUES</u>**

2          The Parties do not foresee other issues affecting the status or management of

3    the case

4

5                                    SHEPPARD, MULLIN, RICHTER &
                                     HAMPTON LLP
6

7    Dated:  January 9, 2026         By:  */s/ Jesse A. Salen*
8                                         JESSE A. SALEN

9                                         *Attorneys for Plaintiff/Counter-Defendant*
                                          *ADAM FORTIER d/b/a PORTMANTEAU*
10                                        *PUBLISHING; Counter-Defendants ROSS*
                                          *RICHIE, HARLEY YEE and ARCHIVAL*
11                                        *COMICS LLC*
12

13                                   BUCHALTER
14                                   A Professional Corporation
15

16   Dated:  January 9, 2026         By:  */s/Aaron M. Levine*
                                          AARON M. LEVINE
17                                        1000 Wilshire Boulevard, Suite 1500
18                                        Los Angeles, CA 90017-1730
                                          Telephone: 213.891.0700
19                                        Email: alevine@buchalter.com
20
                                          MATTHEW L. SEROR
21                                        18400 Von Karman Avenue, Suite 800
22                                        Irvine, CA 92612-0514
                                          Telephone: 949.760.1121
23                                        Email: mseror@buchalter.com
24
                                          *Attorneys for Defendant/Counterclaimant*
25                                        *MACROVERSE MEDIA, INC.*
26

27

28

Case No. 2:25-cv-07573-CV-SK
                                     JOINT RULE 26(f) REPORT

1

MAZAREI LAW GROUP, INC.

2

Dated:  January 9, 2026

3

By:  */s/Tannaz* "*Tawny*" *Mazarei*

TANNAZ "TAWNY" MAZAREI

4

19200 Von Karman Ave., Suite 365

Irvine, CA 92612

5

Phone: (714) 418-5797

6

Fax: (714) 418-5788

7

*Attorneys for Counter-Defendant DANIEL*

8

*SAEVA*

9

10

11

**Signature Attestation**

12

Pursuant to Local Rule 5-4.3.4(a)(2)(i) of the Central District of California, I

13

attest that all other signatories listed on this filing, and on whose behalf the filing is

14

submitted, concur in the filing's content and have authorized the filing.

15

16

Dated:  January 9, 2026

*/s/Jesse A. Salen*

17

Jesse A. Salen

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| **Case No.**<br>2:25-cv-07573-CV-SK | **Case Name:**<br>ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING v. MACROVERSE MEDIA, INC. | | |
|---|---|---|---|

| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date**<br>mm/dd/yyyy | **Def(s)' Date**<br>mm/dd/yyyy |
|---|---|---|---|
| Check one:  [X] Jury Trial  or  [ ] Bench Trial<br>[Tuesday at 9:00 a.m., within 13-16 months of Scheduling Conference]<br>Estimated Duration: 4 Days | | 03/09/2027 | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>[Friday at 1:30 p.m., at least 17 days before trial] | | 02/19/2027 | |

| **Event**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week. | **Time Computation** | **Pl(s)' Date**<br>mm/dd/yyyy | **Def(s)' Date**<br>mm/dd/yyyy |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 04/24/2026 | |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 21 weeks before FPTC | 09/25/2026 | |
| Expert Disclosure (Initial) | 20 weeks before FPTC | 10/02/2026 | |
| Expert Disclosure (Rebuttal) | 18 weeks before FPTC | 10/16/2026 | |
| Expert Discovery Cut-Off | 16 weeks before FPTC | 10/30/2026 | |
| Last Date to Hear Motions [Friday]<br>• Joint Brief due at least 28 days before hearing<br>• Supplemental Memoranda (if any) due 14 days before hearing | 9 weeks before FPTC | 12/18/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-5]<br>Select one:  [ ] 1. Magistrate Judge<br>(with Court approval)<br>          [ ] 2. Court's Mediation Panel<br>          [ ] 3. Private Mediation | 5 weeks before FPTC | 01/15/2027 | |
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations Containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 01/22/2027 | |

Case No. 2:25-cv-07573-CV-SK

JOINT RULE 26(f) REPORT

| | | |
|---|---|---|
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions *In Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R.16-7]<br>• Joint/Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional *Voir Dire* Questions, if any (jury trial only)<br>• Evidentiary Objections to Decls. Of Direct Testimony (court trial only) | 2 weeks before FPTC | 02/05/2027 |