SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JESSE A. SALEN, Cal Bar No. 292043
jsalen@sheppardmullin.com
XIMENA SOLANO SUAREZ, Cal Bar No. 263574
xsolanosuarez@sheppardmullin.com
MICHAEL HEINS, Cal Bar No. 331563
mheins@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Plaintiff/Counter-Defendant ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING; Counter-Defendants ROSS RICHIE, HARLEY YEE and ARCHIVAL COMICS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING,<br><br>Plaintiff,<br><br>v.<br><br>MACROVERSE MEDIA, INC.,<br><br>Defendant. | Case No. 2:25-cv-07573-CV-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AND COUNTER-DEFENDANT ADAM FORTIER D/B/A PORTMANTEAU PUBLISHING, COUNTER-DEFENDANTS ROSS RICHIE, HARLEY YEE, AND ARCHIVAL COMICS LLC**<br><br>Date: October 16, 2026<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 10B, Floor 10<br><br>Judge: Hon. Cynthia Valenzuela |
| AND RELATED COUNTERCLAIM. | |

Pursuant to Local Rule 83-2.3.2, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard") moves for an Order permitting it to withdraw as counsel of record for Plaintiff/Counter-Defendant ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING, Counter-Defendants ROSS RICHIE, HARLEY YEE, and ARCHIVAL COMICS LLC (collectively, the "Clients"). An Order relieving Sheppard as Clients' counsel of record should be granted, for the reasons set forth below.

## I. BACKGROUND FACTS

The Clients retained Sheppard to represent them in this litigation pursuant to a written engagement letter dated October 23, 2025 (the "Engagement Letter"). Declaration of Jesse A. Salen ("Salen Decl.") ¶ 2. The Engagement Letter expressly provides that, subject to Sheppard's ethical obligation to give the Clients reasonable notice so that they may obtain substitute counsel, "[Sheppard] may terminate [its] representation of the Clients at any time." Salen Decl. ¶ 2.

Beginning on April 14, 2026, Sheppard provided the Clients with written notice that Sheppard intended to seek leave to withdraw and that the Clients would need to obtain substitute counsel. *Id.* ¶ 3. Sheppard communicated to the Clients the reasons necessitating withdrawal, which include professional considerations under California Rule of Professional Conduct 1.16. *Id.* To protect client confidences, Sheppard is not disclosing those reasons publicly. *Id* . ¶¶ 3, 9.

This action remains active. A motion to dismiss filed on behalf of Adam Fortier, Ross Richie, and Archival Comics LLC remains pending, and Harley Yee's deadline to respond to Macroverse Media, Inc.'s counterclaims runs fourteen days after the Court rules on that motion. *Id.* ¶ 4. Under the Court's January 20, 2026 Scheduling and Trial Order, fact discovery closes on September 25, 2026, expert discovery closes on October 30, 2026, the Final Pretrial Conference is scheduled for February 19, 2027, and trial is scheduled for March 9, 2027. *Id.* ¶ 5. No trial date is imminent and no dispositive motion as to all parties is under submission.

On September 8, 2026, Sheppard provided the Clients with copies of this Motion and the supporting papers by email and U.S. Mail. *Id.* ¶ 6. Sheppard and counsel for Macroverse discussed the potential for Sheppard's withdrawal on several occasions since April 2026. On April 21, 2026, pursuant to Local Rule 7-3, Sheppard conducted a conference of counsel with counsel for Macroverse, and counsel for Macroverse indicated it would not oppose Sheppard's motion. *Id.* ¶ 7. Because withdrawal requires leave of Court under Local Rule 83-2.3.2 the parties could not resolve the matter without filing the Motion. *Id.*

Sheppard has taken, and will continue to take, reasonable steps to avoid reasonably foreseeable prejudice to the Clients, including providing advance notice of its intended withdrawal, allowing the Clients time to retain substitute counsel, advising the Clients of material deadlines and developments in this action, and facilitating an orderly transfer of the client files to substitute counsel. *Id.* ¶ 8.

## II. <u>ARGUMENT</u>

### A. Good Cause Exists For Withdrawal

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 1.16(b), counsel may withdraw if the client, by other conduct, renders it unreasonably difficult for the attorney to carry out the representation effectively. Cal. R. Prof. Conduct 1.16(b)(4).

Counsel must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client. These steps include giving due notice to the client, allowing time for employment of other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

Good cause exists for Sheppard's withdrawal. Circumstances arising within the attorney-client relationship have rendered it unreasonably difficult for Sheppard to continue representing the Clients effectively. Salen Decl. ¶ 3. Sheppard communicated to the Clients the reasons necessitating withdrawal, which include professional considerations under California Rule of Professional Conduct 1.16. *Id.* To protect client confidences, Sheppard is not providing those reasons publicly. *Id.*

The Salen Declaration details the steps Sheppard has taken to provide the Clients with reasonable notice and an opportunity to retain substitute counsel. Beginning on April 14, 2026, Sheppard provided the Clients with written notice of its intent to withdraw and advised them that they would need to obtain new counsel. *Id.* On September 8, 2026, Sheppard provided the Clients with copies of the Motion and supporting papers by email and U.S. Mail. *Id.* ¶ 6.

When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Any potential prejudice resulting from Sheppard's withdrawal is minimized by the substantial advance notice provided to the Clients, the opportunity afforded to them to retain substitute counsel, and Sheppard's continued efforts to avoid reasonably foreseeable prejudice.

**B. Timing and Prejudice of Withdrawal**

Sheppard's withdrawal as counsel will not prejudice the Clients. First, Sheppard has provided the Clients with ample time and sufficient opportunity to retain new counsel, having given written notice beginning April 14, 2026, more than four months before the filing of this Motion. Salen Decl. ¶¶ 3, 6. Second, withdrawal at this juncture will not prejudice the Clients because, although a motion to dismiss remains pending, there are no imminent hearings or trial-related

deadlines: fact discovery does not close until September 25, 2026, expert discovery does not close until October 30, 2026, the Final Pretrial Conference is not scheduled until February 19, 2027, and trial is not scheduled until March 9, 2027. *Id.* ¶ 5. Moreover, these dates may all need to be reasonably extended pending a decision on Counter-Defendants' Motion to Dismiss Macroverse's Counterclaims. Dkt. No. 52.

Counsel for Macroverse indicated that Macroverse would not oppose Sheppard's motion, indicating that the motion will not prejudice other litigants in this case. *Id.* ¶ 7.

### C. The Clients Have Been Advised of the Consequences of Proceeding Without Counsel.

Adam Fortier, Ross Richie, and Harley Yee may proceed *pro se* as individuals if they do not retain substitute counsel. Archival Comics LLC, however, is an organization and, consistent with Local Rule 83-2.3.4, Sheppard has notified it in writing that it cannot appear or otherwise defend itself in this action without counsel. Salen Decl. ¶ 3, 6.

## III. CONCLUSION

For the foregoing reasons, Sheppard respectfully requests that it be permitted to withdraw as counsel for Plaintiff/Counter-Defendant Adam Fortier d/b/a Portmanteau Publishing and Counter-Defendants Ross Richie, Harley Yee, and Archival Comics LLC.

Dated: September 9, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/Jesse A. Salen*
JESSE A. SALEN

Attorneys for Plaintiff/Counter-Defendant ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING; Counter-Defendants ROSS RICHIE, HARLEY YEE and ARCHIVAL COMICS LLC

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff/Counter-Defendant ADAM FORTIER d/b/a PORTMANTEAU PUBLISHING; Counter-Defendants ROSS RICHIE, HARLEY YEE and ARCHIVAL COMICS LLC, certifies that this brief contains 1,135 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 9, 2026

*/s/Jesse A. Salen*
Jesse A. Salen