UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-07573-CV (SKx)** | Date | November 24, 2026 |
| Title | ***Adam Fortier v. Macroverse Media, Inc.*** | | |

Present: The Honorable Cynthia Valenzuela, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL [61] AND ORDERING PARTIES TO MEET AND CONFER**

On September 9, 2026, Jesse Salen of Sheppard, Mullin, Richter & Hampton LLP ("Movant") moved to withdraw as counsel for Plaintiff/Counter-Defendant Adam Fortier and Counter-Defendants Ross Richie, Harley Yee, and Archival Comics LLC ("Motion"). Doc. # 61 ("Mot."). On October 30, 2026, the Court held a hearing on the Motion, at which Adam Fortier, Marcroverse Media, Inc., Ross Richie, Harley Yee, Archival Comics LLC, and Daniel Saeva were present.

"A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. Here, the Court finds that Movant has satisfied the notice requirements for the Motion by providing written notice of the Motion to Plaintiff/Counter-Defendant Adam Fortier, Defendant/Counterclaimant Macroverse Media, Inc., and Counter-Defendants Ross Richie, Harley Yee, and Archival Comics LLC and by providing notice of all continuances of the hearing date to Plaintiff/Counter-Defendant Adam Fortier and Counter-Defendants Ross Richie, Harley Yee, and Archival Comics LLC.

"The motion for leave to withdraw must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In resolving a motion to withdraw, courts often consider the

following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Ming Glob. Ltd. v. Monarch Holdings Inc.*, *No.* 8:20-CV-01852 JVS (KESx), 2022 WL 1634635, at *1 (C.D. Cal. Feb. 24, 2022) (quoting *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013)). "Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause," but nonpayment in conjunction with other factors present establishes good cause sufficient to support withdrawal. C.D. Cal. L.R. 83-2.3.2; *Fabricant v. Fast Advance Funding, LLC*, No. 2:17-cv-05753-AB (JCx), 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018) (collecting cases). Absent undue prejudice to either the client's interests or the general proceedings, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." *Clarke v. TNSG Health Co. Ltd.*, No. 2:21-cv-03463-HDV-RAOx, 2023 WL 8170312, at *1 (C.D. Cal. Oct. 16, 2023) (*quoting Thompson v. Special Enforcement, Inc.*, No. EDCV 07-1666-VAP (JCRx), 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).

Upon consideration of these factors, the Court determines that Movant has demonstrated good cause for withdrawal. As to the first factor, Movant has stated that irreconcilable differences have arisen between Plaintiff and his firm that make it unreasonably difficult for Movant to continue the representation. Mot. at 3; *see also* Cal. R. Prof. Cond. 1.16(b)(4).[1] Movant's statements at the Court's *in camera* proceedings on October 30, 2026 further corroborate Movant's position. Accordingly, the first factor weighs in favor of granting the Motion.

The second factor weighs in favor of granting the Motion because Defendant Macroverse Media, Inc. and Counter-Defendant Saeva do not oppose the Motion. In light of the Court's order for the parties to meet and confer regarding new dates, as explained below, the Court finds that granting the Motion will have limited impact on the remaining factors.

Accordingly, because the Court finds that granting the Motion would not harm the administration of justice or cause undue delay to this case, the third and fourth factors weigh in favor of granting the Motion.

---

[1] In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *See Stewart*, 2013 WL 3168269, at *1 ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation.").

For the reasons stated above, the Motion is **GRANTED**. Movant shall **serve a copy** of this Order on Plaintiff/Counter-Defendant and Counter-Defendants by mail, e-mail, and/or any other practical means of service reasonably calculated to give actual notice of the withdrawal, and then file a proof of service within five court days of the entry of this Order. After filing a **proof of service**, Mr. Salen and Sheppard, Mullin, Richter & Hampton LLP are **GRANTED LEAVE** to withdraw and will be deemed withdrawn as counsel of record. The docket shall reflect the withdrawal.

Given Plaintiff/Counter-Defendant and the other Counter-Defendants' representations that they are each in the process of obtaining new counsel, Plaintiff/Counter-Defendant and Counter-Defendants shall file a notice with the Court no later than **sixty days from the entry of this Order** stating whether they have retained new counsel. If Plaintiff/Counter-Defendant Fortier or Counter-Defendants Ross Richie and Harley Yee elect to represent themselves *pro se*, they must keep the Court apprised of their current mailing address and other contact information. [2] They will receive service of court filings and orders by mail unless they file an application for electronic filing and the Court approves.[3] Because a corporation cannot represent itself, Counter-Defendant Archival Comics LLC will be found in default should it elect to proceed unrepresented. C.D. Cal. L. Civ. R. 83.2.2.2.

Finally, within **seventy-five days from the entry of this Order** the parties shall meet and confer regarding a new trial date, final pretrial conference date, and any related deadlines that the parties believe need to be reset and file a status report with either the agreed upon dates, or each party's proposed dates.

**IT IS SO ORDERED.**

---

[2] *Pro se* parties often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic is open by appointment only on Wednesdays from 10:00 a.m. – 12:00 p.m.). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

[3] *See* Form CV-005, *available at* https://www.cacd.uscourts.gov/court-procedures/forms/Civil%20Forms.